IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JOHN ISHAM,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF BELLE MEADE and MARY SAMANIEGO, in her individual capacity,**<br><br>**Defendants.** | **Docket No. 3:26-cv-00473**<br><br>**Judge Eli J. Richardson**<br>**Magistrate Judge Luke A. Evans** |

## MOTION FOR TEMPORARY RESTRAINING ORDER

The Plaintiff, John Isham, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 to enter a temporary restraining order, ex parte, enjoining the City of Belle Meade ("Belle Meade") from enforcing the Stop Work Order at 1025 Chancery Lane pending resolution of the Motion for Preliminary Injunction. As the grounds therefore, the Plaintiff respectfully states as follows:

1. Plaintiff is the owner of real property commonly known as 1025 Chancery Lane, on which premises construction of a new home has been ongoing since early January of 2025. (Verified Compl. ¶¶ 14–18.[1])

2. Following a dispute between Plaintiff and his neighbor, Belle Meade issued a Stop Work Order to prevent further construction of both the exterior and interior of the home. (*See Id.* ¶¶ 3–4, 22–24, 28.)

[1] Plaintiff's Verified Complaint is contained in Exhibit 1 of the Notice of Removal. For ease of legibility and precision of citation, all subsequent citations thereto will cite to the Verified Complaint directly.

3. Belle Meade issued this Stop Work Order without a proper legal basis, refuses to grant even a partial release of the Stop Work Order (which is within its authority) until Plaintiff's neighbor consents to the release, and purports to enforce a covenant that was neither enforceable *nor* breached by Plaintiff. (*See generally id.*) In essence, Belle Meade has elevated a bogus dispute over an alleged landscape "buffer" to the disruption of a multimillion construction project after vulnerable (but as yet unprotected) hardwoods, cabinets, drywall, and wood trim have been installed in plaintiff's home and after custom, expensive exterior stone has been installed but without adequate protection from water infiltration.

4. In consequence of this Stop Work Order, construction has been unable to proceed on 1025 Chancery Lane, including and especially the interior of the home. This has left the premises in an unfinished state and has caused the project to fall substantially behind schedule. (*Id.* ¶¶ 53–54.)

5. Relevant here, Plaintiff has been prevented from fully installing heat and air systems which otherwise would have been completed by this point in time. (*See* Isham Decl. Ex. 3.)

6. The lack of an operational heat and air system leaves 1025 Chancery Lane entirely ill-equipped to the elevated humidity levels that typically accompany Tennessee's spring and summer months. (*See id.*)

7. Without the Court's immediate intervention, over $700,000.00 worth of installed cabinetry, trim, hardwood flooring, and sheetrock are reasonably expected


Case 3:26-cv-00473 Document 11 Filed 04/26/26 Page 2 of 7 PageID #: 122

to and *will* sustain permanent damage resulting from the heightened humidity. (*See id.*)

8. This damage could readily be avoided, or at minimum mitigated, by installing a temporary dehumidifier system (costing an estimated $500 to $600 per month) during the coming months. However, the expansive terms of the Stop Work Order prevent Plaintiff from taking even *that* preventative measure to protect his own property from a peril caused entirely by Belle Meade's Order. (*See id.*)

9. "In determining whether to issue a [Temporary Restraining Order] pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result without an injunction; (3) whether issuance of a preliminary injunction will result in substantial harm to others; and (4) whether the public interest is advanced by the injunction." ***Workman v. Sundquist***, 135 F. Supp. 2d 871, 872 (M.D. Tenn. 2001) (citing *Michigan State AFL—CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir.1997)).

10. Here, all four considerations favor granting the Temporary Restraining Order.

11. As set out in his Motion for Preliminary Injunction, Plaintiff has a substantial likelihood of prevailing on the merits of its claims against the Belle Meade that (i) the Stop Work Order was improperly issued and remains improperly in effect *and* (ii) that the underlying covenant is unenforceable or was not materially breached by Plaintiff. (*See* Mot. For Prelim. Inj. at 6–8.)

12. Absent the requested injunctive relief, Plaintiff will suffer irreparable harm. Generally, an injury is irreparable where it is "not fully compensable by monetary damages," such as where "the nature of the plaintiff's loss would make damages difficult to calculate." ***Basicomputer Corp. v. Scott***, 973 F.2d 507, 511 (6th Cir. 1992) (citation omitted).

13. Plaintiff's injury here is irreparable precisely because any damages calculation would be exceedingly difficult. Plaintiff originally intended to move into his completed home at 1025 Chancery Lane in the summer of 2026, prior to the beginning of the 2026-27 school year. (Isham Decl. ¶ 6.) Belle Meade's unlawful Stop Work Order has already imperiled that timeline to the detriment of Plaintiff and his family, (*id.* ¶¶ 7–8), and the absence of the requested injunctive relief will only cause further harm. Plaintiff's vacant, unfinished home sits entirely unprotected against the high humidity that ensues in Nashville's spring and summer months. (*See* Isham Decl. Ex. 3.) In consequence, *at minimum* the wooden cabinetry, trim, hardwood flooring, and/or sheetrock will suffer damage if temporary dehumidifier systems are not put in place. (*See id.*) Not only will this cause Plaintiff to bear an avoidable financial burden amounting to waste, but it will require substantial repairs to—if not replacement of—fixtures and flooring that are necessary to complete construction on the home and, frankly, vital to Plaintiff's use and enjoyment thereof.

14. Absent the requested relief, therefore, Plaintiff will be unable to move into 1025 Chancery Lane alongside his family for an additional period of months. This loss of time, and of use and enjoyment of property, are real injuries that do not easily

lend themselves to quantification. They are thus irreparable. *See* ***Basicomputer***, 973 F.2d at 511; *see also* ***Consol. Rail Corp. v. State of Mich.***, 976 F. Supp. 1085, 1089 (W.D. Mich. 1996) ("interference with the enjoyment or possession of land is considered 'irreparable' [harm] …").

15. Further, issuing the Temporary Restraining Order will not result in substantial harm to Belle Meade. The requested injunction will not cause Belle Meade to incur additional expenses, damages, or other liabilities. For that matter, the requested injunction would not *permanently* enjoin the Stop Work Order or permit construction in or around the disputed buffer zone. To the extent that limited, targeted relief from the improperly issued Stop Work Order constitutes an injury at all, it is insubstantial compared to the magnitude of Plaintiff's own irreparable harm. The balance of equities thus favors relief. *See* ***Winter v. Natural Resource Defense Council, Inc.***, 555 U.S. 7, 20, 24 (2008) (Courts balance the equities by weighing the parties' competing claims of injury).

16. The public interest also weighs in favor of a temporary restraining order. Plaintiff's property is in jeopardy of sustaining hundreds of thousands of dollars in damage that could otherwise be avoided through cost-effective, temporary measures. This would amount to economic waste, which the public interest should disfavor and avoid wherever possible. Further, the public maintains a strong interest in preventing municipalities from exceeding the scope of and thus unlawfully abusing their granted authority to serve private interests. ***Bryanton v. Johnson***, 902 F. Supp. 2d 983, 1004 (E.D. Mich. 2012) ("[T]he public has an interest 'in promoting

public confidence in the integrity of local government and in avoiding the perception of a conflict of interest between government employees' private interests and their public duties.'"); ***Kentucky v. Biden***, 23 F.4th 585, 612 (6th Cir. 2022) ("[T]he public's true interest lies in the correct application of the law."); ***Barnes v. Ingram***, 217 Tenn. 363, 371, 397 S.W.2d 821, 824 (1965) (In Tennessee, "equity will enjoin a municipal officer from doing irreparable harm to someone by doing some act 'not authorized by the Constitution or the laws of this State' … [including] acts unauthorized by city charters or ordinances.").

17. Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), the undersigned certifies that the Plaintiff's counsel have notified the Defendants by emailing the Motion for Preliminary Injunction, the corresponding Memorandum of Law in Support Thereof, and this Motion for Temporary Restraining Order to Defendants' counsel on April 26, 2026. Defendants, by virtue of having removed the suit to this Court *after* Plaintiff filed a Motion for Temporary Injunction with the Circuit Court of Tennessee for the Twentieth Judicial District, are aware of both the Complaint and Plaintiff's desire to pursue preliminary injunctive relief.

18. For further support, Plaintiff relies upon the Memorandum of Law Supporting Motion for Preliminary Injunction and the Declaration of John Isham.

19. Because all four factors favor relief, and because a hearing on a motion for preliminary injunction would in all likelihood take multiple weeks to be held—well into the humidity period during which damage to Plaintiff's property will occur—the Court should enter a Temporary Restraining Order enjoining Belle Meade from

enforcing the Stop Work Order at 1025 Chancery Lane pending the resolution of the Motion for Preliminary Injunction.

20. A proposed Temporary Restraining Order is attached as Exhibit 1. A proposed Bond is attached as Exhibit 2.

Respectfully submitted,

s/Gino Bulso
Gino Bulso (No. 12005)
BULSO PLC
155 Franklin Road, Suite 400
Brentwood, Tennessee 37027
(615) 913-5191
gbulso@bulso.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on this the 26th day of April 2026. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Robert M. Burns, #15383
Tate Copeland, #042799
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
tcopeland@howell-fisher.com
(615) 244-3370
*Attorneys for Defendants*

s/Gino Bulso
Gino Bulso