**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHN ISHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-CV-473** |
| | ) | |
| **CITY OF BELLE MEADE and MARY SAMANIEGO, in her individual capacity,** | ) | **Judge Eli J. Richardson**<br>**Magistrate Judge Luke A. Evans** |
| | ) | |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANTS CITY OF BELLE MEADE AND MARY SAMANIEGO'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR JOINDER OF REQUIRED PARTIES**

Defendants, City of Belle Meade and Mary Samaniego (collectively, "Defendants"), pursuant to Rules 19(a) and 21, F.R.C.P., having moved (DE #20) on an unopposed basis for joinder of Allen Damon and Delphine Damon, the adjacent property owners of Plaintiff, file this Memorandum in Support of their Unopposed Motion to Join Required Parties and state as follows:

## I. INTRODUCTION

Plaintiff in this action challenges the Defendants' enforcement of a Stop-Work order (the "Order") issued in connection with a long-recorded condition of approval existing on a sub-division plat (the "Chancery South" plat) within the City of Belle Meade.

The City issued the Stop-Work Order on January 8, 2026, in connection with Plaintiff's renovation and construction activity at 1025 Chancery Lane, Nashville, Tennessee, 37215. The Order identified several deficiencies that Plaintiff must remedy before he is allowed to continue construction.

Principally at issue in this litigation is work undertaken within a 25-foot wide vegetive buffer zone established by a recorded subdivision plat (the "Plat") recorded in 1982. See Exhibit

1. The Plat encompasses a seven (7) lot sub-division laid out on both sides of part of Chancery Lane[1]. Clear language written on the Plat requires the consent of neighboring or "adjacent" property owners prior to any disturbance taking place within the buffer zone which exists on the lot now owned by Plaintiff.

To date, Defendants have not received evidence of an agreement or consent from Allen Damon and Delphine Damon, who own adjoining property at 1019 Chancery Lane, Nashville, Tennessee 37215. Because the relief sought by Plaintiff in this action would effectively nullify the Damons' consent rights and impair their legally protected property interests, they are required parties under Rule 19(a).

## II. BACKGROUND

1. Plaintiff owns real property located at 1025 Chancery Lane, Nashville, Tennessee, 37215.
2. Plaintiff's property is described and made part of a recorded Plat for a sub-division known as "Chancery South."
3. On September 27, 1982, the City, acting through its Planning Commission, approved the Plat.
4. The Plat was recorded on September 28, 1982, in the Davidson County Register's Office, at Book 5200, Page 452.
5. One of the conditions written and described on the Plat is that a twenty-five foot (25') "Buffer Strip" existed on the northern boundary of Plaintiff's lot when the City's Planning Commission considered, and approved, the Plat. [2]

---

[1] The Plat identifies the street running through the lots as "Chancery South." The address of Plaintiff's property is 1025 Chancery Lane. Defendants submit that the alternative usage of "Chancery Lane" and/or Chancery Lane South" refers to the same street, running through the middle of the plated sub-division.

[2] The language on the Plat related to the Buffer Strip is in the top left corner of the Plat, immediately below and to the left of the North chevron.

6. The language related to the Buffer Zone recorded on the Plat, reads:

> "**25' BUFFER STRIP-EXISTING VEGETATION NOT TO BE DISTURBED WITHOUT CONSENT OF ADJACENT PROEPRTY OWNERS**."

7. Allen and Delphine Damon are the "adjacent property owners" by virtue of their ownership of real property at 1019 Chancery Lane, Nashville, Tennessee 37215. [3]

8. By virtue of their ownership of the real property at 1019 Chancery Lane, and the no-disturbance without consent condition, the Damons are beneficiaries of the buffer zone restriction recorded as part of the Plat.

9. Plaintiff began disturbing the buffer zone without the consent of the Damons.

10. Defendants issued a stop-work order to Plaintiff, identifying several deficiencies, including the disturbance of the buffer zone without the required consent of the Damons.

11. Upon information and belief, prior to initiating this litigation, Plaintiff and the Damons conferred regarding a proposed replanting plan intended to address the disturbed vegetative buffer. Despite those efforts, the Damons have not consented to disturbance of the buffer zone.

12. To date, the City of Belle Meade has not received evidence of an agreed replanting plan for the Buffer or consent from the Damons for the Buffer disturbance.

## III. ARGUMENT

Rule 19(a)(1), F.R.C.P., provides that a party must be joined if:

> **"(A) in that person's absence, the court cannot accord complete relief among existing parties;**
> **or**

[3] The recorded owner of the property located at 1019 Chancery Lane is an entity named "Kaimana Trust." Upon information and belief, the Damons are affiliated with said Trust. 1019 Chancery Lane is the lot immediately adjacent and north of 1025 Chancery Lane.

**(B) that person claims an interest relating to the subject of the action and it is so situated that disposing of the action in the person's absence may:**

**(i) as a practical matter impair or impede the person's ability to protect the Interest; or**

**(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconstant obligations."**

Rule 21, F.R.C.P., also provides, in part, that "**[o]n motion or on its own, on just terms, the court may add or drop a party**."

The Sixth Circuit applies a three-step test for determining whether a person is a required party. *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345 (6th Cir. 1993). The court must first consider whether the absent person is a required party under Rule 19(a). *Id*. If the absent party is required, the Court next considers whether joinder is feasible, that is, whether the party is subject to service of process and can be joined without depriving the Court of subject matter jurisdiction. *Id.* at 1345-46. Only if joinder is not feasible does the Court determine under Rule 19(b) whether, "in equity and good conscience," the action should proceed in the party's absence. *Id.* at 1346; *Glancy v. Taubman Ctrs., Inc*., 373 F.3d 656, 666 (6th Cir. 2004).

**A. The Damons Possess a Legally Protected Property Interest**

Rule 19(a)(1)(B)(i) requires joinder where an absent person "claims an interest relating to the subject of the action" and disposition of the action in that person's absence may, "as a practical matter impair or impede the person's ability to protect the interest." See *Glancy v. Taubman Ctrs., Inc*., 373 F.3d 656, 666 (6th Cir. 2004); *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345-46 (6th Cir. 1993). Here, there is no question that the Damons possess such an interest through the condition recorded on the Plat. As the adjacent property owners, the Plat explicitly requires the Damons consent before any disturbance of the subject buffer zone may occur.

The consent requirement creates an enforceable right possessed by the Damons, in their capacity as neighboring property owners. The Plat is a public document that creates binding obligations on all property owners in the subdivision. The Damons exercised that right by refusing consent. Given these circumstances, logically, the outcome of this litigation directly affects the Damons' ability to maintain the buffer protections associated with their property. This is not a remote or speculative interest but a direct, documented right et forth on a publicly recorded document that the Damons have already invoked.

**B. Proceeding without the Damons' Would Impair Their Interests and Creates a Substantial Risk of Inconsistent Obligations.**

Rule 19(a) requires joinder where disposition of an action may, "as a practical matter impair or impede," an absent person's ability to protect an interest regarding the action, or where "the court cannot accord complete relief among existing parties" in that person's absence. Rule 19(a)(1)(B)(i), F.R.C.P.

Plaintiff seeks relief that would effectively prevent enforcement of the Stop-Work order, including the requirement that neighbor consent be obtained before disturbing the Buffer. The Damons are not parties to this litigation, yet the relief sought would bind them to a judgment that eliminates or diminishes their recorded property rights, pursuant to the express condition of approval language on the Plat. Granting any relief in this litigation, without the Damons as parties, would as a "practical matter" impair or impede the Damons' ability to protect their legally protected property interests, thus satisfying Rule 19(a)(1)(B)(i).

Rule 19(a)(1)(B)(ii) likewise requires joinder where proceeding in an absent person's absence may leave an existing party subject to a substantial risk of "double, multiple, or otherwise inconsistent obligations because of the interest." Rule 19(a)(1)(B)(ii), F.R.C.P.

If this Court determines that Defendants may not enforce the consent requirement contained in Exhibit 1, while the Damons subsequently seek to enforce those same recorded property rights in separate litigation, Defendants could be subjected to inconsistent or conflicting obligations concerning enforcement of the very same recorded subdivision restriction. Rule 19(a)(1)(B)(ii) is intended to prevent that result.

**C. Complete Relief Cannot be Accorded without the Damons**

Rule 19(a)(1)(A) also supports joinder where complete relief cannot be accorded among existing parties. Although the Stop Work order also identifies other construction-related deficiencies, the Buffer zone violation is an independent condition that Plaintiff must remedy before construction can proceed. Any judgment addressing the validity or enforcement of this requirement would directly affect the Damons' rights. Therefore, complete relief cannot be accorded among the existing parties without the Damons participation in this action, pursuant to Rule 19(a)(1)(A).

**D. Joinder is Feasible**

The Damons are identifiable and are residents of the Middle District of Tennessee residing at 1019 Chancery Lane, Nashville, Tennessee 37215. The Damons have local counsel with whom both undersigned counsel and Plaintiff's counsel have communicated regarding the scheduling of depositions of the Damons, which were previously noticed but not yet taken. Their inclusion will not destroy subject-matter jurisdiction, as the Court retains federal question jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claim under 42 U.S.C. § 1983.

Accordingly, because the Damons are required parties under Rule 19(a), the Court should order their joinder and need not proceed to the Rule 19(b) analysis. *See Keweenaw Bay Indian*

*Cmty. v. Michigan*, 11 F.3d 1341, 1345-46 (6th Cir. 1993); *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004).

**CONCLUSION**

For the foregoing reasons, the "adjacent property owners," Allen and Delphine Damon, possess a legally protected interest in the buffer-zone consent requirement established by the Plat. Their absence from this litigation would impair their ability to protect that interest and would expose the Defendants to a substantial risk of inconsistent obligations. Under Rule19(a), F.R.C.P., the neighboring property owners are necessary parties whose joinder is feasible and required. This Court should therefore grant the Defendants' Unopposed Motion to Join Required Parties.

Respectfully submitted,

/s/ ***Robert M. Burns***
Robert M. Burns, #15383
Tate Copeland, #042799
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
tcopeland@howell-fisher.com
(615) 244-3370
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on this the 13th day of July 2026. Notice of this filing will be sent by operation of the Court's electronic filing system to:

| | |
|---|---|
| Gino Bulso, #12005<br>Nicholas J. Bartlett, #42081<br>BULSO PLC<br>155 Franklin Road, Suite 400<br>Brentwood, TN 37027<br>Ph: (615) 913-5191<br>gbulso@bulso.com<br>nbartlett@bulso.com<br>*Attorneys for Plaintiff* | |

**/s/ *Robert M. Burns***
Robert M. Burns